# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**L&T CONSTRUCTION, INC.,**                                    **PLAINTIFF,**

**VS.**                                        **CIVIL ACTION NO. 2:10CV080-P-S**

**TOYOTA MOTOR ENGINEERING AND**
**MANUFACTURING NORTH AMERICA,**
**INC.,**                                                **DEFENDANT.**

### ORDER OF DISMISSAL

This matter comes before the court upon the plaintiff's May 20, 2010 motion to compel arbitration and to dismiss or stay proceedings [4]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

"The FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir.2002).

The court finds that there was a valid agreement to arbitrate and the disputes in question fall within the scope of the arbitration agreement. This finding is substantially supported by the simple fact that the plaintiff – the very party arguing in this instance that the arbitration clause should not be enforced – has already submitted their claims to arbitration using the very clause complained of in the instant lawsuit.

Though the plaintiff argues that the contract itself is void for fraud and/or unconscionability, they do not attack the arbitration clause itself. Pursuant to *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.") and *Brown v. Pacific Life*

1

*Insurance Co.*, 462 F.3d 384, 396-97 (5th Cir. 2006) ("Where claims of error, fraud, or unconscionability do not specifically address the arbitration agreement itself, they are properly addressed by the arbitrator, not a federal court."), the court concludes that the instant motion to compel arbitration should be granted.

"The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The court concludes that dismissal is appropriate in this case. "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's reward in the limited manner prescribed by law. 9 U.S.C. §§ 9-12." *Alford*, 975 F.2d at 1164.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's May 20, 2010 motion to compel arbitration and to dismiss or stay proceedings [4] is **GRANTED**; accordingly,

(2) All of the plaintiff's claims are subject to binding arbitration pursuant to the subject arbitration agreement and the Federal Arbitration Act;

(3) The plaintiff's claims before this court are therefore **DISMISSED WITH PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 26th day of July, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE